IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Diane Zimmermann, Plaintiff

-vs-

PNC BANK
Kimmie Crozier
Deborah Svoboda
Valerie Geiger
Kevin Thompson

Defendants

CASE NO: 1:10 CV 2632

JUDGE: JUDGE POLSTER

COMPLAINT FOR DAMAGES, VIOLATION OF TITLE VII; VIOLATION OF ADEA, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; PUNITIVE DAMAGES

MAG. JUDGE McHARGH

Jury Trial Demanded

## INTRODUCTION

1. This action seeks monetary relief from the defendants for violations of the Plaintiff's civil rights by her employer, PNC Bank, formerly National City Bank (NCB). The employer engaged in unlawful employment discrimination in violation of Title VII by engaging in retaliatory acts against the Plaintiff for her participation in protected activity. The employer also violated Age Discrimination Act of 1967 – 29 U.S. Code Chapter by engaging in disparate treatment of the Plaintiff with respect to her younger co-workers.

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C – Section 1331, Title VII, and ADEA – 29 U.S. Code Chapter 14. Venue is invoked pursuant to 28 U.S.C – Section 1391.

## PARTIES

3. Plaintiff DIANE ZIMMERMANN was employed by National City Bank (NCB), now known as PNC Bank, and has suffered harm by the defendants and is acting in Pro Se.

   Address:  550 Robinson Avenue – Suite 7
   Barberton, OH  44203-3651

4. Defendant National City Bank, now known as PNC BANK is a business entity doing business in the City of Akron, State of Ohio.

   Address:   PNC Bank
   1900 E. Ninth Street
   Cleveland, OH 44114
   Attn: Attorney Todd Kilpatrick

5. Defendant KIMMIE CROZIER who was at all times herein mentioned the Assistant Vice President of Corporate Relationship Representatives (CRR's) employed by NCB, now known as PNC Bank, and possessed and/or exercised supervisory control over Plaintiff in the performance of her job duties.

   Official Position: Assistant Vice-President and Manager of Corporate Relationship Reps (CRR's)

   Address:      PNC Bank – Youngstown Office
   REBC00 Port Planning Dept – Mail Stock # P4-P427-01-1
   20 Federal Plaza
   Youngstown, OH  44503

6. Defendant DEBORAH SVOBODA who was at all times herein mentioned the Vice President and Manager of Northeast Team Leads/CRR's employed by NCB, now known as PNC Bank, and possessed and/or exercised supervisory control over Plaintiff in the performance of her job duties.

Official Position: Vice President and Manager of Northeast Team Leads/CRR's

Address: PNC Bank
Real Estate Division – Mail Stock # B7-YB-13-22-1
1900 E. Ninth Street
Cleveland, OH 44114

7. Defendant VALERIE GEIGER who was at all times herein mentioned the Senior Vice President of Corporate Banking employed by NCB, now known as PNC Bank, and possessed and/or exercised supervisory control over Plaintiff in the performance of her job duties.

Official Position: Senior Vice President of Corporate Banking

Address: PNC Bank
Corporate Banking Division
One Cascade Plaza – 4th Floor – Mail Stock # B4-B481-04-1
Akron, OH 44308

8. Defendant KEVIN THOMPSON who was at all times herein mentioned the Area Executive President employed by NCB, now known as PNC Bank, and possessed and/or exercised supervisory control over Plaintiff in the performance of her job duties.

Official Position: Area President of PNC, Northeast Region

Address: PNC Bank
Executive Office
One Cascade Plaza – 6th Floor – Mail Stock # B8-B481-06-1
Akron, OH 44308

## STATEMENTS OF FACTS

9. Plaintiff alleges that the employment relationship that gave rise to the allegations set forth herein was entered into in Ohio, and during the course of her employment with

defendant NCB/PNC Bank, Plaintiff performed each and every condition and covenant required on her part to be performed pursuant to said employment agreement and in particular was continuously employed by defendant from January 6, 1986 until her subsequent termination on January 3, 2009, and that the subject of said employment relationship was performed in the City of Akron, County of Summit.

10. Plaintiff alleges that the work environment became hostile and abusive beginning in 2007 through 2008, after VALERIE GEIGER requested that Plaintiff work for her. VALERIE GEIGER has a history with the bank of being abusive and demeaning to employees under her supervision. VALERIE GEIGER would yell over her speaker phone verbally berating the Plaintiff so that the entire Corporate Banking Department and Corporate Clients could hear. Plaintiff alleges that VALERIE GEIGER created an environment that was condescending, demeaning, harsh and non-supportive.

11. Plaintiff alleges that she followed the NCB Employee handbook which states: "If you ever feel treatment by management is unduly harsh, disrespectful or abusive, you are expected to raise the issue so it can be addressed. No employee will be subject to retaliation for reporting problems such as...discrimination or other serious issues in good faith." Plaintiff went to her immediate supervisor, KIMMIE CROZIER looking for help, who told her: "No one should be treated like that," and that she would talk to President KEVIN THOMPSON about this situation. KIMMIE CROZIER, a close friend of VALERIE GEIGER, later said she would not help, and she herself, became verbally abusive and demeaning to the Plaintiff.

12. Plaintiff alleges that on 03/13/2008, again following the directives in the Employee Handbook, she contacted Human Resources and filed a complaint of verbal abuse and hostile work environment against VALERIE GEIGER and KIMMIE CROZIER. Joni Bossman of NCB HR told Plaintiff that she "does not have a valid complaint and that this treatment is normal Banking procedures." After filing the HR complaint, VALERIE GEIGER's and KIMMIE CROZIER's treatment of the Plaintiff became more hostile and abusive.

13. Plaintiff alleges that on 03/14/2008, DEBORAH SVOBODA came to Akron to discuss her HR complaint. DEBORAH SVOBODA wanted to know what Plaintiff's "Wish List" was to make the work environment better. Plaintiff told DEBORAH SVOBODA that she only wanted to be treated with respect, not be verbally abused or demeaned.

14. Plaintiff alleges that on 03/21/2008, she was suddenly given a Disciplinary Performance Improvement Form to sign by KIMMIE CROZIER and DEBORAH SVOBODA. Plaintiff was yelled at and threatened that she could not leave the room until she signed the form. Plaintiff refused to sign because these charges were in complete contradiction to her yearly Performance Review which was given on 03/10/2008, and discriminatory because Plaintiff's younger co-workers were not disciplined for the identical performance.

15. Plaintiff alleges that on 04/14/2008, she filed a Charge of Discrimination with the EEOC, citing Retaliation for following the NCB Employee Handbook and filing a formal complaint with Human Resources. Plaintiff received acknowledgement of her EEOC Charge # 532-2008-0954 on 04/21/2008, and alleges that after filing her initial EEOC

complaint, VALERIE GEIGER's, KIMMIE CROZIER's and DEBORAH SVOBODA's treatment of Plaintiff became more abusive and demeaning.

16. Plaintiff alleges that on 04/28/2008, she was suddenly called into a conference room by KIMMIE CROZIER and DEBORAH SVOBODA and was immediately placed on Probation for 60 days. KIMMIE CROZIER was yelling and threatening so viciously that her face was beat red. Plaintiff was told that if she did one thing wrong she would be immediately terminated. DEBORAH SVOBODA stated to Plaintiff: "This is not retaliation, Diane." Plaintiff alleges that these charges of poor performance were fabricated, inaccurate, retro-actively documented and discriminatory, because Plaintiff's younger co-workers have done the same without being disciplined and has evidence to prove such.

17. Plaintiff alleges that on 04/28/2008, she contacted her EEOC Investigator and faxed an amended complaint of Retaliation to add Age Discrimination, since all plaintiffs' co-workers were under the age of 40. Plaintiff alleges she was treated differently from similarly situated younger employees by having shorter time frames to complete the same amount of work, a daily task list of work to be done, and placed on a burdensome improvement plan, despite the fact that the Plaintiff's Performance Review was the best in the Department. Similarly situated younger employees in her department, who had less favorable Performance Reviews, were not given improvement plans.

18. Plaintiff alleges that KEVIN THOMPSON, being in a supervisory role to KIMMIE CROZIER, VALERIE GEIGER and the plaintiff, was aware of the abusive environment, having had four (4) previous employees either terminated or quit in dealing with VALERIE GEIGER and KIMMIE CROZIER. Plaintiff further alleges that on 05/14/2008,

KIMMIE CROZIER met with Plaintiff, saying that she had "just came from a meeting with KEVIN THOMPSON, and he was discussing your Probation. KEVIN THOMPSON told me that the past due Exceptions that I put you on Probation for would be considered discrimination, because everyone has past due Exceptions, and I will be sending out an email to all CRR's in the Department today regarding their past due Exceptions, and that the ChickMaster incident was not your fault, so I will be taking those items off your Probation Form."

19. Plaintiff received acknowledgement of Amended EEOC Charge # 532-2008-01306 on 06/21/2008. Plaintiff alleges that her 60 Day Probation ended on 06/28/2008, and that although, KIMMIE CROZIER was informing Plaintiff weekly that she was following all Probationary expectations, she refused to respond to Plaintiff's request for a Probationary Outcome Form, as required by the Bank. Plaintiff had to call Human Resources to contact KIMMIE CROZIER regarding her refusal to give an Outcome Form.

20. Plaintiff alleges that on 07/02/2008, she was intentionally excluded from the annual CRR outing that her co-workers participate in throughout the footprint. In addition, prizes the Plaintiff won for best performance were routinely not given to her, but her younger co-workers received their prizes.

21. Plaintiff alleges that on 07/03/2008, KIMMIE CROZIER phoned her, again viciously yelling that HR contacted her regarding the Outcome Form and the Plaintiff's amended EEOC Charge against her. KIMMIE CROZIER then placed Plaintiff on an Extended Probation for 30 Days for uncompleted filing.

22. Plaintiff alleges that on 07/07/2008, she was forced to seek medical care and filed for FMLA due to severe anxiety/stress disorder and depression from dealing with the constant discriminatory/retaliatory treatment for the past four (4) months. Plaintiff further alleges that on 07/07/2008, KIMMIE CROZIER brought in NCB employee, Vicki Eick to help Plaintiff's younger co-workers complete their filing, thus retro-actively justifying placing the Plaintiff on Extended Probation for her uncompleted filing.

23. Plaintiff alleges that on 10/10/2008 she received a letter from NCB HR Department stating that she had exhausted her 12-week protected FMLA entitlement, and that her position will be posted and filled. The plaintiff alleges that her position was filled, without being posted, with Melissa Ross, a woman in her twenties.

24. Plaintiff alleges that on 10/14/2008, a NCB employee emailed Plaintiff's work computer which was being checked by KIMMIE CROZIER. KIMMIE CROZIER, DEBORAH SVOBODA and the HR Department disciplined and gave a written warning to that employee for emailing the Plaintiff. KIMMIE CROZIER then threatened employees in the Plaintiff's Department that if they email the Plaintiff, they will be disciplined and placed on Probation.

25. Plaintiff alleges that her physician released her to return to work on 11/03/2008, with the restriction that Plaintiff could not work for KIMMIE CROZIER or VALERIE GEIGER as it would be detrimental to her health.

26. Plaintiff alleges that she was placed on a 60 day unpaid leave by Human Resources, and told to find another position with the Bank or she would be terminated on 01/03/2009. National City Bank (NCB) was in the process of being bought out by PNC

Bank, and there was a freeze on any hiring. Plaintiff also alleges that NCB Attorney Musette Vincent, in her letter stated that: "Further discipline awaits Ms. Zimmermann's return to work," which Plaintiff interpreted as further retaliation. Plaintiff further alleges that she was never removed from Probationary Status and that the Employee Manual states that an employee may not apply for another position while on Probation.

27. Plaintiff alleges that she was terminated on 01/03/2009 as a direct result of the discriminatory/retaliatory treatment by NCB/PNC's management. Plaintiff further alleges that when she tried to file for unemployment, the ODJFS denied her twice, saying that PNC's HR Department was stating that Plaintiff was "Discharged due to Absence from Work/Tardiness."

28. Plaintiff alleges that she has been unable to find work due to the adverse employment actions permanently on her PNC Personnel File.

29. Plaintiff was issued a Right-to-Sue Letter by the EEOC on August 27, 2010. A true and correct copy is attached hereto, collectively marked as Exhibit A and incorporated herein by reference.

## FIRST CLAIM

### (Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA))

30. The foregoing paragraphs are realleged and incorporated by reference herein.

31. The Defendants' conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory intent.

32. As a direct, foreseeable and proximate result of defendants' wrongful acts, Plaintiff has suffered and continues to suffer, substantial losses of earnings and employment benefits, humiliation, embarrassment, mental and emotional distress, all to her damage in an amount according to proof.

## SECOND CLAIM

### (Reprisal for Engaging in Protected Activities)

33. The foregoing paragraphs are realleged and incorporated by reference herein.

34. The Defendant's conduct as alleged at length herein constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII and the ADEA. based on Protected Status in violation of Title VII. The stated reasons for the Defendant's conduct were not true reasons, but instead were pretext to hide the Defendants' retaliatory intent.

35. As a direct, foreseeable and proximate result of defendants' wrongful acts, Plaintiff has suffered and continues to suffer, substantial losses of earnings and employment benefits, humiliation, embarrassment, mental and emotional distress, all to her damage in an amount according to proof.

## THIRD CLAIM

### (Hostile and Abusive Working Environment)

36. The foregoing paragraphs are realleged and incorporated by reference herein.

37. The Defendants' conduct as alleged above constitutes hostile and abusive working in violation of Title VII and the ADEA. The stated reasons for the Defendants' conduct

were not the true reasons, but were pretext to hide the Defendants' discriminatory intent.

38. As a direct, foreseeable and proximate result of defendants' wrongful acts, Plaintiff has suffered and continues to suffer, substantial losses of earnings and employment benefits, humiliation, embarrassment, mental and emotional distress, all to her damage in an amount according to proof.

## FOURTH CLAIM

### (Intentional Infliction of Emotional Distress)

39. The foregoing paragraphs are realleged and incorporated by reference herein.

40. The Defendants', acting on their own, and through their agents and employees, engaged in the acts heretofore described, deliberately and intentionally in order to cause Plaintiff severe emotional distress; alternatively, plaintiff alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff severe emotional distress.

41. The foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress. As a proximate result of said conduct, plaintiff has suffered embarrassment, anxiety, humiliation, and emotional distress, having to place herself under the care of a psychiatrist for the first time in her life, who placed her on a medical leave to prevent a nervous breakdown.

42. Defendants' acts as herein before described were committed maliciously, fraudulently or oppressively with the intent of injuring plaintiff, and/or with a willful and conscious disregard of plaintiff's right to work in an environment free from retaliation.

Because these acts were carried out by managerial employees in a despicable, deliberate and intentional manner, plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct. It is further alleged the acts of the defendants' were made in their capacity as managing agents of the defendant NCB/PNC Bank and/or were acts ratified by defendant NCB/PNC Bank.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the court award her:

(a) Back pay, with employee benefits, bonuses, vacation benefits, pension payments and other emoluments of employment from November 1, 2008 with interest thereon.

(b) The sum of $300,000 in compensatory damages suffered because of the Defendants' willful violations of Title VII and the ADEA.

(c) Front pay (including pay increases) until she reaches the age of 65 when she would have retired from service but for the NCB/PNC management's discriminatory/retaliatory treatment of her;

(d) Punitive damages, other damages and further relief as deemed just.

Respectfully submitted,

*Diane Zimmermann*, Pro Se

Diane Zimmermann, Pro Se
550 Robinson Avenue – Suite 7
Barberton, OH 44203-3651